Mr. Eugene Petrone Secretary, State Board of Agriculture Colorado State University Fort Collins, Colorado
Dear Mr. Petrone:
It is my responsibility as legal counsel to the Board of Agriculture to bring to your attention a serious problem concerning the Board's recent attempt to fill the vacancy created by the resignation of Robert S. Everitt.
QUESTION PRESENTED AND CONCLUSION
Must non-voting student and faculty members be counted in determining a "majority of the members" to fill a vacancy on the board?
My conclusion is "yes."
ANALYSIS
C.R.S. 1973, 23-30-103 provides that a vacancy caused by the resignation of a member who had been appointed by the Governor, "may be filled by a majority of the members." Section 23-30-101, as amended in 1975, provides that the Board "shall consist of a total of twelve members," including four elected from the faculties and student bodies of Fort Lewis College and Colorado State University, respectively. Although the four elected members are denied the right to vote, they are in all other respects full members of the Board. It is only because they are members that these four elected persons are entitled to reimbursement for their official expenses under section 23-30-103; and the same status as members makes them eligible for the presidency and vice-presidency of the Board under section23-30-104, enables them to call special meetings of the Board under section 23-30-104, and requires them to be counted for quorum purposes under section 23-30-103. It is necessary that these four members be counted for purposes of ascertaining the number necessary to constitute "a majority of the members" for purposes of filling a vacancy under section 23-30-103, even though they cannot vote for this purpose or any other purpose.
The 1975 amendment of section 23-30-103 makes it clear that the General Assembly specifically intended the non-voting members to be counted for this purpose even though they cannot vote. Prior to the 1975 amendment, this section authorized the Board to fill "any vacancy in the said board" by a majority of the members. At that time, the Board consisted of ten members, two of whom lacked the right to vote. Filling of Vacancies caused by resignations during the terms of those two members was governed by section23-30-103. In 1975, at the same time that it added two additional non-voting members to the Board, the General Assembly amended section 23-30-103 to eliminate the Board's power to fill vacancies among the non-voting members, Section 23-30-103 now applies only to "any vacancy in the office of any member ofthe said board appointed by the governor . . ." (emphasis added). What is significant, however, is that while deliberately distinguishing among the Board's members with regard to their replaceability by Board action, the General Assembly refrained from making the further alteration in the same sentence which, if it had been made, could have eliminated the non-voting members from consideration for purposes of ascertaining the majority needed to fill a vacancy among the appointed members. Instead of amending it to read "a majority of the appointed members," or, "a majority of the members voting," the General Assembly chose to leave it reading "a majority of the members." Thus it appears that the requirement that the non-voting members be counted for purposes of ascertaining the number of votes necessary to fill a vacancy among the appointed members, even though the non-voting members cannot vote on that issue, is not inadvertent, but deliberate.
Although by statute the Board is to have twelve members, any vacancy of course diminishes the number of members actually on the Board. Where one vacancy exists, the vote necessary to fill a vacancy under section 23-30-103 would therefore be six, a majority of eleven.
The Board's recently announced action purporting to fill the vacancy created by Mr. Everitt's resignation was supported by fewer than seven affirmative votes. The purported action appears, therefore, to be ineffective and void.
The significance of this fact is very great. It means much more than that the person purportedly installed in Mr. Everitt's place is legally ineligible to be paid or to receive expenses under section 23-30-103. It means that any formal action of the Board taken with his participation is subject to legal challenge. This may be particularly serious with regard to controversial matters and matters, such as land conveyancing bonding, concerning which an unclouded legal picture is essential.
While I regret the necessity of advice of this nature, which controverts an action taken by a majority of the voting members of the Board, I consider it my duty to inform you of the problem and its seriousness.
SUMMARY
Where statute requires action by "a majority of the members" of a board to fill a vacancy, non-voting student and faculty members must be counted in determining a majority.
Very truly yours,
 J.D. MacFARLANE Attorney General
EDUCATION, HIGHER PUBLIC OFFICERS STATUTES
C.R.S. 1973, 23-30-101
C.R.S. 1973, 23-30-103
HIGHER EDUCATION, DEPT. OF Agriculture, St. Bd. of
Where statute requires action by "a majority of the members" of a board to fill a vacancy, non-voting student and faculty members must be counted in determining a majority.